Steven E. Young (SBN 63278)
Andrew W. Heger (SBN 194870)
PRACTUS, LLP
16501 Ventura Boulevard, Suite 304
Encino, CA 91436
Telephone:  (818) 641-5001
Email:  steven.young@practus.com

Duane H. Mathiowetz (CA #111831)
PRACTUS, LLP
201 Spear Street, Suite 1100
San Francisco, CA 94105
Phone: 415-501-0350
Email: duane.mathiowetz@practus.com

Attorneys for Plaintiffs, Haggan Iskenderian,
Hovsep Kedikian, Cecille Kedikian, and
Hagop Marjik

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| HAYGAN ISKENDERIAN, HOVSEP KEDIKIAN, CECILLE KEDIKIAN, and HAGOP MARKIK<br><br>Plaintiffs<br><br>v.<br><br>ZANKOU ENTERPRISES, INC., RITA ISKENDERIAN, VARTKES ISKENDERIAN, STEVE ISKENDERIAN, ARA ISKENDERIAN, and DIKRAN ISKENDERIAN,<br><br>Defendants. | Case No.:<br><br>**COMPLAINT FOR CANCELLATION OF FEDERAL TRADEMARK REGISTRATIONS; DECLARATORY JUDGMENT OF TRADEMARK OWNERSHIP; DECLARATORY JUDGMENT OF NO TRADEMARK INFRINGEMENT; DECLARATORY JUDGMENT OF NO COPYRIGHT INFRINGEMENT; UNFAIR COMPETITION UNDER THE LANHAM ACT; UNFAIR COMPETITION UNDER CALIFORNIA BUS. & PROF. CODE § 17200;  BREACH OF FIDUCIARY DUTY; ACCOUNTING; AND IMPOSITION OF CONSTRUCTIVE TRUST**<br><br>**JURY TRIAL DEMANDED** |

1

COMPLAINT

Plaintiffs Haygan Iskenderian, Hovsep Kedikian, Cecille Kedikian, and Hagop Marjik (collectively, "Plaintiffs") for their Complaint against Defendants Zankou Enterprises, Inc. and Rita Iskenderian, Vartkes Iskenderian, Steve Iskenderian, Ara Iskenderian, and Dikran Iskenderian (the "Rita Iskenderian Family [or, "RIF"] Defendants") (collectively, Defendant Zankou Enterprises, Inc. and the RIF Defendants are referred to as "Defendants")  allege, on knowledge as to themselves and otherwise on information and belief, as follows:

## NATURE OF THE ACTION

1.  Plaintiffs seek cancellation of six federally registered marks which Defendants allege are being infringed by Plaintiffs' use in their restaurant business for which Defendants have threatened legal action.   At least one of said marks, TARNA, was used by both Plaintiffs and Defendants long before Defendants' predecessor applied for the mark.  Defendants have also breached their fiduciary duty and violated the unfair competition provisions of the Lanham Act and California Business & Professions Code by precluding Plaintiffs' fair and unhampered use of a federally registered service mark, ZANKOU CHICKEN, that was deemed to be jointly and equally owned by predecessors of both Plaintiffs and RIF Defendants, or some of them) pursuant to a Court order dated March 21, 2005.  Plaintiffs therefore seek an accounting and damages, and that a constructive trust be imposed for Defendants' use of the jointly-owned mark to the exclusion of Plaintiffs.  Finally, Plaintiffs seek declaratory judgment that they have not infringed either any lawfully registered trademarks or copyrights belonging to Defendants.

## PARTIES

2.  Plaintiffs Haygan Iskenderian, Hovsep Kedikian, Cecille Kedikian, and Hagop Marjik are residents of the County of Los Angeles, State of California.

3.  Each Plaintiff holds an undivided equal interest in the ZANKOU CHICKEN service mark as surviving relatives and are beneficiaries directly or indirectly of the 2002 Markrid Iskenderian Living Trust, as more specifically described in the schematic attached hereto as

2

COMPLAINT

Exhibit A, the Court Decision dated March 21, 2005 attached hereto as Exhibit B, and in paragraph 25 below.

4.    On information and belief, Defendant Zankou Enterprises, Inc. is a California Corporation with a principal place of business at 2360 E 48th Street, Vernon, California 90058, and does business primarily, if not exclusively, in Los Angeles and Orange Counties as Zankou Chicken Restaurants.  RIF Defendants Rita Iskenderian, Vartkes Iskenderian, Steve Iskenderian, Ara Iskenderian, and Dikran Iskenderian are relatives and are direct or indirect beneficiaries of said 2002 Markrid Iskenderian Living Trust, as set forth in the attached schematic as Exhibit A, the Court Decision dated March 21, 2005 attached as Exhibit B, and in paragraph 31, below.  On information and belief, Rita Iskenderian is Chief Executive Officer and Secretary of Zankou Enterprises, Inc., and Vartkes Iskenderian is Chief Financial Officer of Zankou Enterprises, Inc.

5.    On information and belief, the RIF Defendants are the driving force behind Zankou Enterprises' business, with a direct financial interest in Zankou Enterprises' business as well as ultimate responsibility for the operation of Zankou Enterprise, Inc. and for any and all unlawful acts carried out in the name of Zankou Enterprise, Inc.

6.    On information and belief, Zankou Enterprises, Inc. is exclusively controlled by the RIF Defendants.  Thus, the RIF Defendants personally and directly assert complete dominion and control over Zankou Enterprises, Inc such that every action of Zankou Enterprises Inc. is carried out at the instruction and sole discretion of the RIF Defendants.

7.    On information and belief, Defendant Zankou Enterprises, Inc. does not observe corporate formalities and are otherwise operated to further the RIF Defendants' personal endeavors and interests.

8.    On information and belief, the RIF Defendants purposefully under capitalize Zankou Enterprises, Inc. for the purpose of defrauding potential judgment creditors.

9.    On information and belief, the RIF Defendants also operate Zankou Enterprises, Inc. as their alter-egos, not only by grossly undercapitalizing the company, but also by ignoring

3

COMPLAINT

corporate formalities, keeping no minutes of any corporate meeting or other normal corporate records, freely co-mingling the funds of Zankou Enterprises, Inc. and the RIF Defendants' funds, funneling any funds received by Zankou enterprises, Inc. to the RIF Defendants' personal accounts on an opportunistic basis. The RIF Defendants thus have ignored and abused the corporate form with such abandon that persons actually conducting business with Zankou Enterprises, Inc. did not even know that Zankou Enterprises, Inc. is separate from the RIF Defendants and vice versa. In short and on information and belief, Zankou Enterprises, Inc. is a sham corporation, designed and operated to perpetrate fraud.

10.    Each of the Defendants is the agent, servant, or employee of each of the other Defendants, and at all times herein mentioned was acting within the course and scope of such agency, authority and employment. Each of the Defendants named herein was responsible in whole or in part, for the losses and damages suffered by Plaintiffs.

11.    Plaintiffs are informed and believe and based thereon allege that all of the non-corporate Defendants are citizens and residents of the County of Los Angeles, State of California and are doing business primarily in Los Angeles County or Orange County within the State of California.

## JURISDICTION AND VENUE

12.    This action arises under the Trademark Laws of the United States, including particularly 15 U.S.C. §§ 1064 and 1119, pursuant to Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a), and pursuant to the Declaratory Judgment Act, 28 U.S.C. § 2201. This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §§ 1331, 1338(a) and (b), and 15 U.S.C. § 1119. and 1125. This Court also has supplemental jurisdiction over the state law claims, including unfair competition under California Bus. & Prof. Code §§17200, et seq., breach of fiduciary duty, accounting, and imposition of a constructive trust pursuant to 28 U.S.C. § 1367.

4

COMPLAINT

13.     Venue is proper in this District under U.S.C. § 1391(b)(2) and 1391(d) as the wrongful acts and conduct of all the Defendants named herein occurred primarily within this District.

14.     An actual, present, and justiciable controversy has arisen between the parties pursuant to 28 U.S.C. § 2201.  Defendants have recently claimed that they are the owners of multiple service and trademarks used in conjunction with their restaurant business, that Plaintiffs have unlawfully used said marks, and that Plaintiffs must cease and desist from use of said marks or face litigation.   Because Defendants are demanding that Plaintiffs cease use of certain words and phrases, which Plaintiffs do not believe can or should be registered, in Plaintiffs' restaurant business, a specific and immediate dispute exists between the Parties.  Defendants have also alleged infringement of copyrights purportedly owned by them and have threatened legal litigation over such use.  Plaintiffs require clarity regarding their non-infringement so that they can serve their customers and protect and further develop their goodwill and reputation.

## THE SERVICE MARK AND TRADEMARKS AT ISSUE

15.     **ZANKOU CHICKEN** was registered as a Service Mark on October 17, 2006, on the Principal Register of the U.S Patent and Trademark Office ("USPTO") based on an application filed on December 10, 2003, by Haygan Iskenderian, Rita Iskenderian, Vartkes Marjik, and Hagop Marjik.  As discussed below, all rights to the ZANKOU CHICKEN mark were by Court order dated March 21, 2005, determined to be jointly and equally owned among Mardiros Iskenderian, Dzovig Iskenderian and Haygan Iskenderian by Court order dated March 21, 2005.

16.     The ZANKOU CHICKEN mark is currently, as a matter of law, owned jointly and equally by Plaintiff Haygan Iskenderian and Defendant Rita Iskenderian and those to whom she has assigned the mark, including, on information and belief, each of the Defendants.

17.     **TARNA** was registered as a trademark on the Principal Register of the USPTO on November 30, 1999, on an application filed by Mardiros Iskenderian on January 22, 1999.  It bears Registration Number 2296186.  The mark consists of standard characters without claim to any

COMPLAINT

particular font style, size, or color.  Its use is for "chicken shawarma patties."  It was granted Section 15 status on May 23, 2019,  It is currently owned by Rita Iskenderian.  A true and correct copy of the current TSDR Report from the PTO is attached hereto as Exhibit C.  Contrary to Applicant Mardiros Iskenderian's statements to the USPTO, TARNA was used by the Iskenderian family as early as 1984, long before Applicant filed the trademark application on January 22, 1999.

18.    **THE MEDITERRANEAN FEAST** was registered as a trademark on the Principal Register of the USPTO on November 14, 2014 on an application filed by Dikran Iskenderian, Steve Iskenderian, Ara Iskenderian, and Vartkes Iskenderian on January 22, 1999.  It bears Registration Number 4802609.  The mark consists of standard characters without claim to any particular font style, size, or color.  The word "MEDITERRANEAN" is disclaimed. It is used for a "Combination meal consisting of meats, namely chicken and kebabs  with side dishes for consumption on or off the premises."  It was granted Section 15 status on July 30, 2021,  It is currently owned by Dikran Iskenderian, Steve Iskenderian, Ara Iskenderian, and Vartkes Iskenderian.  A true and correct copy of the current TSDR Report from the PTO is attached hereto as Exhibit D.

19.    **WRAP VARIETY PACK** was registered as a trademark on the Supplemental Register of the USPTO on August 22, 2017, on an application filed by Rita Iskenderian, Dikran Iskenderian, Steve Iskenderian, Ara Iskenderian, and Vartkes Iskenderian on February 25, 2016. It bears Registration Number 5272961.  The mark consists of standard characters without claim to any particular font style, size, or color.   The word "WRAP" is disclaimed. It is used for a "Combination meal consisting of wrap sandwiches for consumption on or off the premises."  It is currently owned by Rita Iskenderian, Dikran Iskenderian, Steve Iskenderian, Ara Iskenderian, and Vartkes Iskenderian.  A true and correct copy of the current TSDR Report from the PTO is attached hereto as Exhibit E.

20.    **KABOB VARIETY PACK** was registered as a trademark on the Supplemental Register of the USPTO on August 22, 2017, on an application filed by Rita Iskenderian, Dikran

Iskenderian, Steve Iskenderian, Ara Iskenderian, and Vartkes Iskenderian on February 25, 2016. It bears Registration Number 5272962. The mark consists of standard characters without claim to any particular font style, size, or color. The word "KABOB" is disclaimed. It is used for a "Combination meal consisting of meats, namely , chicken and beef kababs [sic] with side dishes for consumption on or off the premises." It is currently owned by Rita Iskenderian, Dikran Iskenderian, Steve Iskenderian, Ara Iskenderian, and Vartkes Iskenderian. A true and correct copy of the current TSDR Report from the PTO is attached hereto as Exhibit F.

21. **MEDITERREAN BARBECUE SPECIAL** was registered as a trademark on the Principal Register of the USPTO on December 27, 2022, on an application filed by Dikran Iskenderian, Steve Iskenderian, Ara Iskenderian, and Vartkes Iskenderian on November 18, 2021. It bears Registration Number 6934495. The mark consists of standard characters without claim to any particular font style, size, or color. The words "MEDITERRANEAN BARBECUE" are disclaimed. It is used for a "Combination meal consisting of meats, including chicken and side dishes for consumption on or off the premises." It is currently owned by Dikran Iskenderian, Steve Iskenderian, Ara Iskenderian, and Vartkes Iskenderian. A true and correct copy of the current TSDR Report from the PTO is attached hereto as Exhibit G.

22. **THE BIG FAMILY MEAL** was registered as a trademark on the Principal Register of the USPTO on December 27, 2022, on an application filed by Dikran Iskenderian, Steve Iskenderian, Ara Iskenderian, and Vartkes Iskenderian on November 18, 2021. It bears Registration Number 6934496. The mark consists of standard characters without claim to any particular font style, size, or color. The word "MEAL" is disclaimed. It is used for a "Combination meal consisting of meats, including chicken and kebabs for consumption on or off the premises." It is currently owned by Dikran Iskenderian, Steve Iskenderian, Ara Iskenderian, and Vartkes Iskenderian. A true and correct copy of the current TSDR Report from the PTO is attached hereto as Exhibit H.

COMPLAINT

**BACKGROUND FACTS COMMON TO ALL CAUSES OF ACTION**

23.     Each of the Plaintiffs and each of the Defendants directly or indirectly own and or operate restaurants in various locations primarily in Los Angeles County under the service mark ZANKOU CHICKEN.  All Plaintiffs and all Defendants are members of the Iskenderian family, and descendants of Vartkes and Markrid Iskenderian.   ZANKOU CHICKEN has been the Iskenderian family's service mark for three generations.   The Iskenderian family ran its first chicken shop under that name in Beirut, Lebanon from 1962.  The family closed the Beirut location in 1984, emigrated to Los Angeles, and opened its first U.S. restaurant in the Hollywood area shortly thereafter.  The venture succeeded and its ZANKOU CHICKEN name gained substantial recognition and real value in the Los Angeles area.  Patriarch Vartkes Iskenderian died of natural causes in 1992.  All members of the Iskenderian family mourned this loss but continued to build the family business, operating under the ZANKOU CHICKEN mark.

24.     In 2002, Markrid Iskenderian established the 2002 Markrid Iskenderian Living Trust.   Each of Mardiros Iskenderian, Dzovik Iskenderian Marjik, and Plaintiff Haygan Iskenderian were the children of the Trustor Markrid Iskenderian and beneficiaries of the 2002 Markrid Iskenderian Living Trust.

25.     On January 14, 2003, violence shattered the family when Vartkes  and Markrid Iskenderian's son Mardiros shot his mother Markrid and his sister Dzovik Iskenderian Marjik, killing them before killing himself.

26.     Defendant Rita Iskenderian  is the widow of Mardiros Iskenderian, and each of Defendants Vartkes Iskenderian, Steve Iskenderian, Ara Iskenderian, and Dikran Iskenderian are the sons of Rita and Mardiros Iskenderian.

27.     The Defendants own and operate ZANKOU CHICKEN restaurants in Glendale, Van Nuys, Anaheim, Pasadena, Burbank, Santa Monica/West Los Angeles, West Hollywood, Valencia, Downtown Los Angeles, Huntington Beach and Long Beach, California.

COMPLAINT

28.    Plaintiffs own and operate ZANKOU CHICKEN restaurants in Hollywood, Tarzana, Granada Hills and Thousand Oaks, California.

29.    Each of the two groups of restaurants operated by Plaintiffs and the Defendants serve the same or similar dishes, all based on the same type of chicken cooked the same way, served with a secret proprietary garlic paste, often with fresh vegetables, humus, and pita bread.

30.    In 2003, Rita Iskenderian filed a Petition under California Probate Code against Plaintiff Haygan Iskenderian (joined by others), claiming that Rita Iskenderian exclusively owned the ZANKOU CHICKEN service mark, because the family patriarch, Vartkes Iskenderian, had allegedly transferred all ZANKOU CHICKEN mark rights to his son/her late husband Mardiros Iskenderian in 1991.

31.    On March 21, 2005, the Honorable John Shepard Wiley, Sr., Judge of the Los Angles Superior Court, made the determination that, per the express terms of the 2002 Markrid Iskenderian Living Trust, the ZANKOU CHICKEN mark was owned and was to be divided equally as follows:

"The Distribution provision appended to the 2002 [Markrid Iskenderian] trust specified that: all rights to the trademark/trade name 'Zankou Chicken' shall be divided equally among Mardiros Iskenderian [now deceased], Dzovik Marjik [now deceased] and Haygan Iskenderian share and share alike.'" and

"All rights to the ZANKOU CHICKEN shall be divided equally among Mardiros Iskenderian, Dzovig Iskenderian and Haygan Iskenderian share and share alike as the 2002 Markrid Living Trust validly directs."

A true and correct copy of the Court's Statement of Decision After Court Trial on Probate Code Section 850 Petition is attached hereto as Exhibit H.

32.    Thereafter, and continuing to the present, one, some or all of the Defendants have engaged in the following acts, conduct, and failures to act for the express purpose of thwarting and or severely limiting the right to "share and share alike the ZANKOU CHICKEN

trademark/trade name, and the benefits that emanate from such co-ownership, including without limitation the following:

a.      Actively registering the ZANKOU CHICKEN trademark on nearly all social media platforms, whether intended to be used or not.  Defendants intentionally and effectively blocked the Plaintiffs from being able to register their restaurant operations using the ZANKOU CHICKEN trademark on all of these websites;

b.      Preventing Plaintiffs' restaurants from being included in the "Zankou Chicken" mobile phone application;

c.      Preventing Plaintiffs' restaurants from being included in the "Zankou Chicken" website;

d.      Implying on Defendant's "zankouchicken.com" website that Plaintiffs' food and/or operations are inferior to theirs, specifically that "Only the restaurants that [the Defendants] manage offer the unique experience you have come to love and expect for over 60 years"; and

e.      Making or causing others to make false, misleading and defamatory statements about one or more of Plaintiff's restaurant operations on various social media and restaurant review platforms such as the following, by way of example:

1.   That Plaintiffs' restaurants are "fake" because they are not on the zankouchicken.com website;

2.   That Plaintiffs' restaurants are "spin-offs";

3.   That Plaintiffs' restaurant locations are "franchised stores";

4.   Plaintiffs' restaurants are not owned by the "same family" as the Defendants' restaurants;

5.   That Plaintiffs' restaurant operations are "not the real Zankou"; and

6.   If you want the "real" Zankou Chicken, you should go to only the Glendale, Van Nuys, Burbank, West Hollywood, Toluca Lake, and Anaheim locations.

COMPLAINT

33.     On or about July 3, 2025, Counsel for Defendants sent a letter to Plaintiffs' Counsel, stating that Plaintiffs, in conducting their own businesses, have infringed Defendants' registered trademarks, including TARNA, THE MEDITERRANEAN FEAST, WRAP VARIETY PACK, KABOB VARIETY PACK, MEDITERRANEAN BARBECUE SPECIAL, and THE BIG FAMILY MEAL, and threatening to file an action against Defendants alleging infringement of said marks.

34.     In that same letter, Counsel for Defendants accused Plaintiffs of infringing Defendants copyrights, threatening to file a copyright infringement action against Plaintiffs for the alleged unlawful copying of Defendants' restaurant menus, including photographs and text therein, unless Plaintiffs cease and desist from such purported actions.

## FIRST CLAIM FOR RELIEF

### (Cancellation of Registration of the Mark TARNA)

35.     Plaintiffs repeat each allegation contained in paragraphs 1 through 34 as though set forth herein at length.

36.     On information and belief, Plaintiffs allege trademark applicant Mardiros Iskenderian knowingly made false and material representations with an intent to mislead the USPTO when filing his trademark application for the mark TARNA, and his successor-in-interest Rita Iskenderian made false and material representations with an intent to mislead the USPTO when filing the trademark renewal application for the mark TARNA, pursuant to 15 U.S.C. §§ 1064(3). Specifically, neither Mardiros Iskenderian nor Rita Iskenderian had used or intended to use the mark TARNA in interstate commerce when making their respective filing, but instead used and intended that such mark be used only in their restaurants in the Los Angeles area and to sell the "chicken shawarma patties" known as tarna to customers in their restaurants in the Los Angeles area or to customers within said area who order tarna over the internet. Notwithstanding their lack of use of the mark in interstate commerce, both Mardiros Iskenderian and Rita Iskenderian declared under penalty of perjury the mark was being used in interstate commerce ("for example,

COMPLAINT

interstate or between the U.S. and a specified foreign country"). Further, the mark was used by the entire Iskenderian family in their restaurant businesses since on or about 1984, long before the application for registration in 1999 by Mardiros Iskenderian, and when all restaurants were the property of the Iskenderian family. The right to use the mark was acquired on behalf of all Iskenderian family members, including Plaintiffs, not just Mardiros Iskenderian.

37. The USPTO relied upon said misrepresentations in registering the mark TARNA and allowing the registration to renew. Had the applicant Mardiros Iskenderian or Defendant Rita Iskenderian revealed that the mark was not used and was not intended to be used in interstate commerce, the USPTO would not have registered the mark or renewed its registration.

38. Moreover, even if the mark TARNA were used in interstate commerce either before or after the application for registration was filed or the mark was registered, the mark should be cancelled pursuant to 15 U.S.C. § 1064(3) as it generic for a type of product, e.g., "chicken shawarma patties," rather than identifying assignee as the source of said product.

39. Accordingly, Plaintiffs are entitled to an order directing cancellation of Registration Number 2296186 pursuant to 15 U.S.C. 1119.

## SECOND CLAIM FOR RELIEF

### (Cancellation of Registration of the Mark THE MEDITERRANEAN FEAST)

40. Plaintiffs repeat each allegation contained in paragraphs 1 through 39 as though set forth herein at length.

41. On information and belief, Plaintiff alleges Defendants Dikran Iskenderian, Steve Iskenderian, Ara Iskenderian, and Vartkes Iskenderian knowingly made false and material representations with an intent to mislead the USPTO when filing their trademark application for THE MEDITERRANEAN FEAST, and made false and material representations with an intent to mislead the USPTO when filing the trademark renewal application, pursuant to 15 U.S.C. §§ 1064(3). Specifically, none of said Defendants had used or intended to use the mark THE MEDITERRANEAN FEAST in interstate commerce when making their respective filing, but

instead had used and they intended that such mark be used only in their restaurants in the Los Angeles area and to sell a "combination meal consisting of meats, namely, chicken and kebobs with side dishes for consumption on or off the premises" to customers in their restaurants in the Los Angeles area or to customers within said area who order The Mediterranean Feast over the internet.  Notwithstanding their lack of use of the mark in interstate commerce, said Defendants declared under penalty of perjury the mark was being used in interstate commerce ("for example, interstate or between the U.S. and a specified foreign country").

42.     The USPTO relied upon said misrepresentations in registering the mark TARNA and allowing the registration to renew.  Had said Defendants revealed that the mark was not used and was not intended to be used the mark in interstate commerce, the USPTO would not have registered the mark or renewed its registration.

43.     Moreover, even if the mark THE MEDITERRANEAN FEAST were used in interstate commerce either before or after the application for registration was filed or the mark was registered, the mark should be cancelled pursuant to 15 U.S.C. § 1064(3) as it generic for a type of product, e.g., "a combination meal consisting of meats, namely, chicken and kebobs with side dishes for consumption on or off the premises" rather than identifying assignees as the source of said product.

44.     Accordingly, Plaintiffs are entitled to an order directing cancellation of Registration Number 4802609 pursuant to 15 U.S.C. 1119.

## THIRD CLAIM FOR RELIEF

**(Cancellation of Registration of the Mark KABOB VARIETY PACK)**

45.     Plaintiffs repeat each allegation contained in paragraphs 1 through 44 as though set forth  herein at length.

46.     On information and belief, Plaintiff alleges Defendants Rita Iskenderian, Dikran Iskenderian, Steve Iskenderian, Ara Iskenderian, and Vartkes Iskenderian  knowingly made false and material representations with an intent to mislead the USPTO when filing their trademark

COMPLAINT

application for KABOB VARIETY PACK, and made false and material representations with an intent to mislead the USPTO when filing the trademark renewal application, pursuant to 15 U.S.C. §§ 1064(3).  Specifically, none of said Defendants had used or intended to use the mark KABOB VARIETY PACK in interstate commerce when making their respective filing, but instead had used and intended that such mark be used only in their restaurants in the Los Angeles area and to sell a "combination meal consisting of meats, namely, chicken and beef kebabs with side dishes for consumption on or off the premises" to customers in their restaurants in the Los Angeles area or to customers within said area who order The Mediterranean Feast over the internet. Notwithstanding their lack of use of the mark in interstate commerce, said Defendants declared under penalty of perjury the mark was being used in interstate commerce ("for example, interstate or between the U.S. and a specified foreign country").

47.    The USPTO relied upon said misrepresentations in registering the mark KABOB VARIETY PACK and allowing the registration to renew.  Had said Defendants revealed that the mark was not used and was not intended to be used in interstate commerce, the USPTO would not have registered the mark or renewed its registration.

48.    Moreover, even if the mark KABOB VARIETY PACK were used in interstate commerce either before or after the application for registration was filed or the mark was registered, the mark should be cancelled pursuant to 15 U.S.C. § 1064(3) as it generic for a type of product, e.g., "a combination meal consisting of meats, namely, chicken and kebobs with side dishes for consumption on or off the premises" rather than identifying assignees as the source of said product.

49.    Furthermore, the mark KABOB VARIETY PACK should be cancelled as it is wholly descriptive of the combination meal to which it is applied and lacks distinctiveness, rather than identifying assignees as the source of said product.

50.    Accordingly, Plaintiffs are entitled to an order directing cancellation of Registration Number 5272962 pursuant to 15 U.S.C. 1119.

COMPLAINT

**FOURTH CLAIM FOR RELIEF**

**(Cancellation of Registration of the Mark WRAP VARIETY PACK)**

51.     Plaintiffs repeat each allegation contained in paragraphs 1 through 50 as though set forth  herein at length.

52.     On information and belief, Plaintiff alleges Defendants Dikran Iskenderian, Steve Iskenderian, Ara Iskenderian, and Vartkes Iskenderian  knowingly made false and material representations with an intent to mislead the USPTO when filing their trademark application and the trademark renewal application, pursuant to 15 U.S.C. §§ 1064(3).  Specifically, none of said Defendants had used or intended to use the mark WRAP VARIETY PACK in interstate commerce when making their respective filing, but instead had used and intended that such mark be used only in their restaurants in the Los Angeles area and to sell a "combination meal consisting of wrap sandwiches for consumption on or off the premises" to customers in their restaurants in the Los Angeles area or to customers within said area who order the Wrap Variety Pack over the internet. Notwithstanding their lack of use of the mark in interstate commerce, said Defendants declared under penalty of perjury the mark was being used in interstate commerce ("for example, interstate or between the U.S. and a specified foreign country").

53.     The USPTO relied upon said misrepresentations in registering the mark WRAP VARIETY PACK and allowing the registration to renew.  Had said Defendants revealed that the mark had not been used and was not intended to be used in interstate commerce, the USPTO would not have registered the mark or renewed its registration.

54.     Moreover, even if the mark WRAP VARIETY PACK were used in interstate commerce either before or after the application for registration was filed or the mark was registered, the mark should be cancelled pursuant to 15 U.S.C. § 1064(3) as it generic for a type of product, e.g., "a combination meal consisting of wrap sandwiches for consumption on or off the premises" rather than identifying assignees as the source of said product.

55.     Furthermore, the mark WRAP VARIETY PACK should be cancelled as it is wholly

COMPLAINT

descriptive of the combination meal to which it is applied and lacks distinctiveness, rather than identifying assignees as the source of said product.

56.    Accordingly, Plaintiffs are entitled to an order directing cancellation of Registration Number 5272961 pursuant to 15 U.S.C. 1119.

**FIFTH CLAIM FOR RELIEF**

**(Cancellation of Registration of the Mark MEDITERRANEAN BARBECUE SPECIAL)**

57.    Plaintiffs repeat each allegation contained in paragraphs 1 through 56 as though set forth  herein at length.

58.    On information and belief, Plaintiff alleges Defendants Dikran Iskenderian, Steve Iskenderian, Ara Iskenderian, and Vartkes Iskenderian  knowingly made false and material representations with an intent to mislead the USPTO when filing their trademark application and the trademark renewal application for the mark MEDITERRANEAN BARBECUE SPECIAL. pursuant to 15 U.S.C. §§ 1064(3).  Specifically, none of said Defendants had used or intended to use the mark MEDITERRANEAN BARBECUE SPECIAL in interstate commerce when making their respective filing, but instead had used and intended that such mark be used only in their restaurants in the Los Angeles area and to sell a "combination meal consisting of meats, including chicken with side dishes for consumption on or off the premises" to customers in their restaurants in the Los Angeles area or to customers within said area who order the Mediterranean Barbecue Special over the internet.  Notwithstanding their lack of use of the mark in interstate commerce, said Defendants declared under penalty of perjury the mark was being used in interstate commerce ("for example, interstate or between the U.S. and a specified foreign country").

59.    The USPTO relied upon said misrepresentations in registering the mark and allowing the registration to renew.  Had said Defendants revealed that the mark was not used and it was not intended to be used in interstate commerce, the USPTO would not have registered the mark or renewed its registration.

60.    Moreover, even if the mark MEDITERRANEAN BARBECUE SPECIAL were

COMPLAINT

used in interstate commerce either before or after the application for registration was filed or the mark was registered, the mark should be cancelled pursuant to 15 U.S.C. § 1064(3) as it generic for a type of product, e.g., "a combination meal consisting of wrap sandwiches for consumption on or off the premises" rather than identifying assignees as the source of said product.

61.    Further, even if the mark MEDITERRANEAN BARBECUE SPECIAL were used in interstate commerce either before or after the application for registration was filed or the mark was registered, the mark should be cancelled pursuant to 15 U.S.C. § 1064(1) as it merely descriptive for a type of product, e.g., "a combination meal consisting of meats, including chicken with side dishes for consumption on or off the premises" rather than identifying assignees as the source of said product.

62.    Accordingly, Plaintiffs are entitled to an order directing cancellation of Registration Number 6934495 pursuant to 15 U.S.C. 1119.

<u>**SIXTH CLAIM FOR RELIEF**</u>

**(Cancellation of Registration of the Mark THE BIG FAMILY MEAL)**

63.    Plaintiffs repeat each allegation contained in paragraphs 1 through 62 as though set forth  herein at length.

64.    On information and belief, Plaintiff alleges Defendants Dikran Iskenderian, Steve Iskenderian, Ara Iskenderian, and Vartkes Iskenderian   knowingly made false and material representations with an intent to mislead the USPTO when filing their trademark application and the trademark renewal application for the mark THE BIG FAMILY MEAL, pursuant to 15 U.S.C. §§ 1064(3).  Specifically, none of said Defendants had used or intended to use the mark THE BIG FAMILY MEAL in interstate commerce when making their respective filing, but instead had used and intended that such mark be used only in their restaurants in the Los Angeles area and to sell a "combination meal consisting of meats, including chicken with side dishes for consumption on or off the premises" to customers in their restaurants in the Los Angeles area or to customers within said area who order The Big Family Meal over the internet.  Notwithstanding their lack of use of

the mark in interstate commerce, said Defendants declared under penalty of perjury the mark was being used in interstate commerce ("for example, interstate or between the U.S. and a specified foreign country").

65.    The USPTO relied upon said misrepresentations in registering the mark and allowing the registration to renew.  Had said Defendants revealed that the mark was not used and was not intended to be used in interstate commerce, the USPTO would not have registered the mark or renewed its registration.

66.    Moreover, even if the mark THE BIG FAMILY MEAL were used in interstate commerce either before or after the application for registration was filed or the mark was registered, the mark should be cancelled pursuant to 15 U.S.C. § 1064(3) as it generic for a type of product, e.g., "a combination meal consisting of meats, including chicken and kebabs with side dishes for consumption on or off the premises" rather than identifying assignees as the source of said product.

67.    Further, even if the mark THE BIG FAMILY MEAL were used in interstate commerce either before or after the application for registration was filed or the mark was registered, the mark should be cancelled pursuant to 15 U.S.C. § 1064(1) as it merely descriptive for a type of product, e.g., "a combination meal consisting of meats, including chicken and kebabs with side dishes for consumption on or off the premises," rather than identifying assignees as the source of said product.

68.    Accordingly, Plaintiffs are entitled to an order directing cancellation of Registration Number 6934496 pursuant to 15 U.S.C. § 1119.

## SEVENTH CLAIM FOR RELIEF

### (Declaratory Judgment of Co-Ownership of the Mark TARNA)

69.    Plaintiffs repeat each allegation contained in paragraphs 1 through 68 as though set forth  herein at length.

70.    From approximately 1984 when the Iskenderian family started its Zankou Chicken

COMPLAINT

restaurant in the Los Angeles area until the present, family members, including Plaintiffs and Defendants, have used "tarna" as the name of a popular dish comprising marinated chicken that turns on a spit similar to another popular Mediterranean dish, steak shawarma. By operation of law, the Iskenderian family developed common law trademark rights to the mark TARNA. Such rights, either explicitly or implicitly, belonged to the same 2002 Markrid Iskenderian Living Trust that was subject to the Superior Court's Statement of Decision After Court Trial on Probate Code Section 850 Petition in 2006. Notwithstanding such rights belonging to the Iskenderian family, including Plaintiffs and Defendants, Defendants Mardiros Iskenderian and his successor-in-interest Rita Iskendrian applied for and received a federal registration for TARNA in the name of Rita Iskenderian only.

71.     Alternatively to seeking cancellation of the registration of TARNA on the Principal Register of the USPTO, Plaintiffs request the Court to declare that the mark TARNA is jointly and severally owned by Plaintiffs and Rita Iskenderian as direct or indirect beneficiaries of the 2002 Markrid Iskenderian Living Trust, and order that Registration Number 2296196 be amended to reflect said ownership.

## EIGHTH CLAIM FOR RELIEF

### (Declaratory Judgment of No Trademark Infringement)

72.     Plaintiffs repeat each allegation contained in paragraphs 1 through 71 as though set forth herein at length.

73.     Defendants through theirs attorneys by letter dated July 3, 2025 alleged that Plaintiffs have unlawfully used RIF Defendants' registered trademarks, including TARNA, THE MEDITERRANEAN FEAST, WRAP VARIETY PACK, KABOB VARIETY PACK, MEDITERRANEAN BARBECUE SPECIAL, and THE BIG FAMILY MEAL, and have threatened legal action if Plaintiffs do not comply with Defendants' demands to cease and desist use of such trademarks. Plaintiffs' have not and do not infringe any lawfully obtained mark owned by Defendants. As a result of said July 3, 2025 letter, Plaintiffs have a reasonable apprehension

that they will be sued by Defendants for trademark infringement.  Thus this dispute is sufficient

for the Court to invoke jurisdiction pursuant to 28 U.S.C. § 2201(a) which provides, "In a

case of actual controversy within its jurisdiction ... any court of the United States, upon the

filing of an appropriate pleading, may declare the rights and other legal relations of any

interested party seeking such declaration, whether or not further relief is or could be sought."

74.    Plaintiffs seek and are entitled to a declaratory judgment that they do not infringe any

of the enumerated trademarks.

75.    This is an exceptional case for which Plaintiffs seek an award of their reasonable

attorneys' fees pursuant to 15 U.S.C. § 1117(a).

## NINTH CLAIM FOR RELIEF

### (Declaratory Judgment of No Copyright Infringement)

76.    Plaintiffs repeat each allegation contained in paragraphs 1 through 75 as though set

forth herein at length.

77.    In the same July 3, 2025 letter from Defendants' counsel, Defendants have

threatened legal action if Plaintiffs do not comply with Defendants' demands not to use certain

materials in their business for which Plaintiffs claim copyrights.  Plaintiffs have not and do not

infringe any copyright owned by Defendants.  As a result of said July 3, 2025 letter, Plaintiffs have

a reasonable apprehension that they will be sued by Defendants for copyright infringement.  Thus

this dispute is sufficient for the Court to invoke jurisdiction pursuant to 28 U.S.C. § 2201(a)

which provides, "In a case of actual controversy within its jurisdiction ... any court of the

United States, upon the filing of an appropriate pleading, may declare the rights and other

legal relations of any interested party seeking such declaration, whether or not further relief is

or could be sought."

78.    Plaintiffs seek and are entitled to a declaratory judgment that they do not infringe any

of the Defendants' copyrights put at issue by the letter of July 3, 2025.

COMPLAINT

**TENTH CLAIM FOR RELIEF**

**(Unfair Competition Pursuant to the Lanham Act)**

**(Against All Defendants)**

79.     Plaintiffs repeat each allegation contained in paragraphs 1 through 78 as though set forth herein at length.

80.     Defendants' denial of and interference with Plaintiffs' access to social media platforms to promote the Zankou Chicken brand and failure to include Plaintiffs' store locations on the mobile application and corporate website were intended to characterize Plaintiff's restaurant operator as not authentic Zankou Chicken restaurants but rather restaurant operations which are separate and inferior, or franchised locations, not legitimately operating under the ZANKOU CHICKEN service mark.  Such conduct constitutes an unfair business act and unfair and deceptive advertising within the meaning of 15 U.S.C.  § 1125  (Section 43(a) of the Lanham Act).

81.     Defendants' actions have resulted in damages to Plaintiffs in the form of lost or unrealized patronage of prospective customers and others in an amount to be proven at trial, but not less than the minimum jurisdiction requirements of this Court.

82.     By stating on their zankouchicken.com website that only the restaurants that the Defendants' managed restaurants  "offer the unique experience you have come to love and expect for over 60 years," Defendants implied that Plaintiffs' restaurants do not do so, which constitutes an unfair business act within the meaning of 15 U.S.C.  § 1125.   On information and belief, Defendants' actions were knowing, intentional and deliberate, designed and intended to cause harm to Plaintiffs' business in knowing violation of Plaintiffs' rights.  Accordingly, Plaintiffs are entitled to an award of punitive damages in an amount sufficient to punish and by way of example.

**ELEVENTH CLAIM FOR RELIEF**

**(Unfair Competition, Business & Professions Code Section 17200)**

**(Against All Defendants)**

21

COMPLAINT

83    Plaintiffs repeat each allegation contained in paragraphs 1 through 82 as though set forth  herein at length.

84.    Defendants' denial of and interference with Plaintiffs' access to social media platforms to promote the Zankou Chicken brand and failure to include Plaintiffs' store locations on the mobile application and corporate website were intended to characterize Plaintiff's restaurant operator as not authentic Zankou Chicken restaurants but rather restaurant operations which are separate and inferior, or franchised locations, not legitimately operating under the ZANKOU CHICKEN service mark.  Such conduct constitutes an unfair business act and unfair and deceptive advertising within the meaning of Business & Professions Code Section 17200.

85.    Defendants' actions have resulted in damages to Plaintiffs in the form of lost or unrealized patronage of prospective customers and others in an amount to be proven at trial, but not less than the minimum jurisdiction requirements of this Court.

86.    By stating on their zankouchicken.website that only the restaurants that the Defendants managed "offer the unique experience you have come to love and expect for over 60 years," Defendants implied that Plaintiffs' restaurants do not do so, which constitutes an unfair business act within the meaning of Business & Professions Code Section 17200.

87.    On information and belief, Defendants' actions were knowing, intentional and deliberate, designed and intended to cause harm to Plaintiffs' business in knowing violation of Plaintiffs' rights.  Accordingly, Plaintiffs are entitled to an award of punitive damages in an amount sufficient to punish and by way of example.

## TWELFTH CLAIM FOR RELIEF

### (Breach of Fiduciary Duty )

### (Against All Defendants)

88.    Plaintiffs repeat each allegation contained in paragraphs 1 through 87 as though set forth  herein at length.

COMPLAINT

89.    As a result of the Court-confirmed rights of Haygan Iskenderian (and through her and the late Dzovig Marjik, to the other Plaintiffs) and the Defendants (through the late Mardiros Iskenderian), all Plaintiffs and Defendants owe fiduciary duties to one-another, at a minimum, to avoid engaging in any act conduct or failure to act which would interfere with right to the use and benefit of the ZANKOU CHICKEN service mark.

90.    Defendants' actions as alleged above prevent Plaintiffs from "shar[ing] and shar[ing] alike in the use of the Zankou Chicken trademark," which constitute a breach of Defendants' fiduciary duty owed to Plaintiffs as a co-mark holder.  This has caused damages to Plaintiffs in an amount to be proven at trial, but not less than the minimum amount necessary for Federal Court jurisdiction.

91.    Defendants' failure to honor their fiduciary responsibilities arising from their joint ownership of the ZANKOU CHICKEN service mark was knowing, intentional and deliberate, designed to block or otherwise prevent Plaintiffs from having and enjoying the equal benefit of co-owning said trademark, in knowing violation of Plaintiffs' rights.  Accordingly, Plaintiffs are entitled to an award of punitive damages in an amount sufficient to punish and by way of example.

### THIRTEENTH CLAIM FOR RELIEF

### (Accounting )

### (Against All Defendants)

92.    Plaintiffs repeat each allegation contained in paragraphs 1 through 91 as though set forth  herein at length.

93.    As a result of the shared ownership of the ZANKOU CHICKEN service mark and the fiduciary duties owed between and among the Plaintiffs and the Defendants with regard to said trademark, and the breaches thereof by Defendants' acts and conduct, as alleged herein, Plaintiffs have suffered damages in the form of lost or unrealized patronage and income from prospective customers in an amount which cannot be ascertained without an accounting of Defendants income and net profits from their restaurant operations, rendering other remedies insufficient.

COMPLAINT

94.     The amount of Plaintiffs' damages is uncertain and cannot be readily ascertained as Defendants have exclusive knowledge and documentation about their income and profits from their restaurant operations.

95.     Accordingly, Plaintiffs' are entitled to an Order from this Court allowing for an inspection of Defendants books and records of the income and net profits from their restaurant operations.

## FOURTEENTH CLAIM FOR RELIEF

### ( Imposition of a Constructive Trust )

### (Against All Defendants)

96.     Plaintiffs repeat each allegation contained in paragraphs 1 through 95 as though set forth  herein at length.

97.     Defendants have received income and net profits from their restaurant operations as a partial result of their breach of fiduciary duties owed to Plaintiffs and other wrongful conduct as alleged herein.  Defendants will continue to be unjustly enriched by retention of a portion of their income and net profits from their restaurant operations, as a result of their wrongful conduct.

98.     Because of Defendants' wrongful conduct, Plaintiffs have no ability to ascertain the total amount of the damages suffered as a result of Defendnats' wrongful conduct, with reasonable certainty.  Accordingly, its claim for damages for breach of fiduciary duty and unfair competition are presently inadequate.

99.     Accordingly, Plaintiffs are entitled to the imposition of a constructive trust on the portion of Defendants' income and profits from their restaurant operations established by the accounting requested herein.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs seek the following relief:

1.     For a judgment awarding compensatory damages to Plaintiffs in an amount to be proven at trial;

24

COMPLAINT

2.      For a judgment awarding punitive damages to Plaintiffs in an amount sufficient to punish Defendants and to deter further such conduct by way of example;

3.      For a permanent  injunction prohibiting Defendants from denigrating Plaintiffs' Zankou Chicken restaurants or attempting to differentiate the Rita Iskenderian Family Defendants' Zankou Chicken restaurants from Plaintiffs' Zankou Chicken restaurants in any media or internet application whatsoever, including but not limited to Zankou.chicken.com;

4.      For a permanent  injunction requiring Defendants to allow the locations of Plaintiffs' Zankou Chicken restaurants in any and all marketing or advertising, including but not limited to Zankouchicken.com and in any and all apps which include the listing of Zankou Chicken locations;

5.      Cancellation of U.S. Trademark Registration No. 2296186;

6.      Alternatively, that U.S. Trademark Registration No. 2296186 for the mark TARNA be amended to indicate joint ownership by Plaintiffs and Rita Iskederian;

7.      Cancellation of U.S. Trademark Registration No. 4802609;

8.      Cancellation of U.S. Trademark Registration No. 5272961;

9.      Cancellation of U.S. Trademark Registration No. 5272962;

10.     Cancellation of U.S. Trademark Registration No. 6934496;

11.     Cancellation of U.S. Trademark Registration No. 6934495;

12.     A declaration that Plaintiffs have not infringed Defendants' trademarks;

13.     A declaration that Plainffs have not infringed any of Defendants' copyrights;

14.     For an accounting by Defendants of their income and their net profits from their restaurant operations;

15.     For the imposition of a constructive trust;

16.     A finding that this case is exceptional within the meaning of 15 U.S.C. § 1117 and a trebling of damages and corresponding award of attorneys' fees in Plaintiffs' favor;

17.     An award of costs in this action;

COMPLAINT

18. Pre-and post-judgment interest for Plaintiffs' costs and fees and other damages as available under law; and

19. For such other, further, or different relief as the Court deems just, proper and equitable.

### DEMAND FOR JURY TRIAL

Under Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiffs demand a trial by jury of all issues so triable.

Dated:  August 18, 2025                    Respectfully submitted,

By:  _/s/ Steven E. Young_____

Steven E. Young
Andrew W. Heger
Duane H. Mathiowetz
PRACTUS, LLP

Attorneys for Plaintiffs

26

COMPLAINT