UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | 2:25-cv-07738-WLH-AJR | Date | April 2, 2026 |
|---|---|---|---|
| Title | *Haygan Iskenderian et al v. Zankou Enterprises, Inc. et al.* | | |

| Present: The Honorable | WESLEY L. HSU, United States District Judge |
|---|---|

| Lesbith Castillo | None |
|---|---|
| Deputy Clerk | Court Reporter |
| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
| None | None |

**Proceedings:   (IN CHAMBERS) ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION TO DISMISS [48]**

The Court is in receipt of Defendants' Motion to Dismiss (the "Motion"). ("Defendants' Motion to Dismiss," Dkt. No. 48).  No party filed a written request for oral argument stating that an attorney with five years or less of experience would be arguing the matter.  (*See* Standing Order, Docket No. 29 at 16).  Further, pursuant to Federal Rule of Civil Procedure 78 and Local Rule 7-15, the Court finds this matter appropriate for decision without oral argument.  The hearing calendared for April 3, 2026, is **VACATED**, and the matter taken off calendar.  For the reasons explained herein, the Court **GRANTS** in part without prejudice and with leave to amend and **DENIES** in part the Motion.

**I.   BACKGROUND**

On November 21, 2025, Plaintiffs Haygan Iskenderian, Hovsep Kedikian, Cecille Kedikian and Hagop Marjik ("Plaintiffs") sued Defendants Zankou Enterprises, Inc., Rita Iskenderian, Vartkes Iskenderian, Steve Iskenderian, Ara Iskenderian and Dikran Iskenderian ("Defendants") and asserted the following claims for relief:  (i) Cancellation of Registration of the Mark TARNA, (ii) Cancellation of Registration of the Mark THE

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES - GENERAL

MEDITERRANEAN FEAST, (iii) Cancellation of Registration of the Mark KABOB VARIETY PACK, (iv) Cancellation of Registration of the Mark WRAP VARIETY PACK, (v) Cancellation of Registration of the Mark MEDITERRANEAN BARBECUE SPECIAL, (vi) Cancellation of Registration of the Mark THE BIG FAMILY MEAL - No.4774503, (vii) Cancellation of Registration of the Mark THE BIG FAMILY MEAL – No. 6934446, (viii) Declaratory Judgment of Co-Ownership of the Mark TARNA, (ix) Declaratory Judgment of No Trademark Infringement, (x) Unfair Competition Pursuant to the Lanham Act, (xi) Unfair Competition, Business & Professions Code Section 17200, (xii) Breach of Implied Duty of Good Faith and Fair Dealing and (xiii) Imposition of a Constructive Trust.  (Compl., Dkt. No. 45).

Each of the individual named parties in this action are members of the Iskenderian family.  (Compl. ¶ 28).  The Iskenderian family founded the popular chicken restaurants operating under the trade name ZANKOU CHICKEN.  (*Id*.).  In 2002, Markrid Iskenderian, the matriarch of the Iskenderian family, established the 2002 Markrid Iskenderian Living Trust ("2002 Living Trust").  (*Id*. ¶ 29).  The 2002 Living Trust directed that the rights in the mark ZANKOU CHICKEN "shall be divided equally among Mardiros Iskenderian, Dzovig Marjik and Haygan Iskenderian, share and share alike."  (*Id*. ¶ 32).  In 2003, Markrid Iskenderian was allegedly shot and killed by her son Mardiros, who also shot and killed himself and his sister, Dzovik Iskenderian Marjik.  (*Id*. ¶ 30).  In 2003, Defendant Rita Iskenderian, the widow of Mardiros Iskenderian, filed a petition under California Probate Code Section 850(a)(3)(B) related to the trademark rights in the mark ZANKOU CHICKEN.  (*Id*. ¶ 31-32).  She claimed that she exclusively owned the ZANKOU CHICKEN service mark because the family patriarch, her late father, Vartkes Iskenderian, had allegedly transferred all ZANKOU CHICKEN mark rights to his son/her late husband Mardiros Iskenderian in 1991.  (*Id*.).  On March 21,

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

2005, the Los Angeles Superior Court rejected the claims by Defendant Rita Iskenderian and made the determination that, per the express terms of the 2002 Markrid Iskenderian Living Trust, the ZANKOU CHICKEN mark was owned and was to be divided equally as follows: "[t]he Distribution provision appended to the 2002 [Markrid Iskenderian] trust specified that all rights to the trademark/trade name 'Zankou Chicken' shall be divided equally among Mardiros Iskenderian [now deceased], Dzovik Marjik [now deceased] and Haygan Iskenderian share and share alike and all rights to the ZANKOU CHICKEN shall be divided equally among Mardiros Iskenderian, Dzovig Iskenderian and Haygan Iskenderian share and share alike as the 2002 Markrid Living Trust validly directs."  (*Id*. ¶ 32).

The individual Defendants, in part through the legal entity Zankou Enterprises, Inc. ("Zankou Enterprises"), own and operate various Zankou Chicken restaurants throughout Southern California.  (*Id*. ¶¶ 4-5, 8).  In addition to operating physical locations in Los Angeles County, Zankou Enterprises both advertises and sells food items over the internet through the Zankou Enterprise website and mobile phone application.  (*Id*. ¶ 33). As it relates to THE MEDITERRANEAN FEAST mark, Plaintiffs allege, "none of said Defendants Dikran Iskenderian, Steve Iskenderian, Ara Iskenderian, and Vartkes Iskenderian had used or intended to use the mark THE MEDITERRANEAN FEAST in interstate commerce when making their respective filings, but instead had used and they intended that such mark be used only in their restaurants in the Los Angeles area and to sell a 'combination meal consisting of meats, namely, chicken and kebobs with side dishes for consumption on or off the premises' to customers in their restaurants in the Los Angeles area or to customers within said area who order The Mediterranean Feast over the *internet*."  (*Id*. ¶ 44) (emphasis added).  Plaintiffs allege that Defendants falsely represented in its registration renewal for this mark that this mark is in use in commerce

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

on or in connection with all of the goods and services, listed in the existing registration
for this specific class: "[c]ombination meal consisting of meats, namely, chicken and
kebabs with side dishes for consumption on or off the premises; and the mark has been
continuously used in commerce for five (5) consecutive years after the date of
registration, or the date of publication under Section 12(c), and is still in use in commerce
on or in connection with all goods/all services, or to indicate membership in the
collective membership organization, listed in the existing registration for this class."
(*Id*.).  Defendants allegedly made this false representation to mislead the United States
Patent and Trademark Office ("USPTO") when filing their trademark application.  (*Id*.).
Plaintiffs also allege that Defendants engaged in unfair competition practice by denying
and interfering with Plaintiffs' access to social media platforms to promote the ZANKOU
CHICKEN brand and Defendants' failure to include Plaintiffs' store locations on the
mobile application and corporate website was intended to characterize Plaintiffs'
restaurant operator as not authentic ZANKOU CHICKEN."  (*Id*. ¶ 83).  Defendants also
allegedly actively registered the ZANKOU CHICKEN trademark on nearly all social
media platforms to block the Plaintiffs from being able to register their restaurant
operations using the ZANKOU CHICKEN trademark on these websites.  (*Id*. ¶ 33).  As a
result of these allegations, Plaintiffs seek cancellation of seven federally registered marks
as well as the aforementioned forms of relief.

Defendants filed this Motion on December 9, 2025 (*see generally* Mot.).  Plaintiffs
filed their Opposition (Opp'n., Dkt. No. 55), to which Defendants filed their Reply
(Reply, Dkt. No. 57).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

## II.   DISCUSSION

### A. <u>Legal Standard</u>

Under Rule 12(b)(6), a defendant may move to dismiss for failure to state a claim upon which relief can be granted.  Fed. R. Civ. P. 12(b)(6).  A complaint may be dismissed for failure to state a claim for one of two reasons: (1) lack of a cognizable legal theory; or (2) insufficient facts under a cognizable legal theory.  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007); *see also Mendiondo v. Centinela Hosp. Med. Ctr*., 521 F.3d 1097, 1104 (9th Cir. 2008).  "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 557).

The court must construe the complaint in the light most favorable to the plaintiff, accept all allegations of material fact as true, and draw all reasonable inferences from well-pleaded factual allegations*.  Gompper v. VISX, Inc*., 298 F.3d 893, 896 (9th Cir. 2002).  The court, however, is not required to accept as true legal conclusions couched as factual allegations.  *See Iqbal*, 556 U.S. at 678.  A claim is considered to have "facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Id*.  In deciding a Rule 12(b)(6) motion, a court "may generally consider only allegations contained in the pleadings, exhibits attached to the complaint, and matters properly subject to judicial notice."  *Swartz v. KPMG LLP*, 476 F.3d 756, 763 (9th Cir. 2007).

Under Rule 15(a), the court should "freely give leave" for a party to amend its pleading "when justice so requires."  Fed. R. Civ. P. 15(a)(2).  Granting leave to amend is left to the sound discretion of the court, and the court "must be guided by the underlying purpose of Rule 15 to facilitate decision on the merits, rather than on the pleadings or

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

technicalities." *United States v. Webb*, 655 F.2d 977, 979 (9th Cir. 1981).  Accordingly, the policy favoring amendments to pleadings is "to be applied with extreme liberality." *Eminence Cap., LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1051 (9th Cir. 2003) (quoting *Owens v. Kaiser Found. Health Plan, Inc.*, 244 F.3d 708, 712 (9th Cir. 2001)).

**B. Analysis**

  *1. Fraud and Genericism*

   *a. Fraud*

In alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake.  *JT Legal Grp. APC v. Yagoubzadeh L. Firm LLP*, No. CV 21-7033 PA (PDX), 2021 WL 6618811, at *2 (C.D. Cal. Nov. 1, 2021).  "The more stringent pleading requirements of Federal Rule of Civil Procedure 9(b) apply to allegations of fraud."  *Id.*  Rule 9(b) requires particularity as to the circumstances of the fraud, such as the time, place, persons, statements made, explanation of how or why such statements are false or misleading.  *Id.*; *see also Moore v. Kayport Package Exp., Inc.*, 885 F.2d 531, 540 (9th Cir. 1989) ("A pleading is sufficient under rule 9(b) if it identifies the circumstances constituting fraud so that a defendant can prepare an adequate answer from the allegations. While statements of the time, place and nature of the alleged fraudulent activities are sufficient, mere conclusory allegations of fraud are insufficient.").  "Fraud in procuring a trademark registration or renewal occurs when an applicant knowingly makes false, material representations of fact in connection with his application."  *Torres v. Cantine Torresella S.r.l.*, 808 F.2d 46, 48 (Fed. Cir. 1986).  Parties alleging fraud must demonstrate subjective intent to deceive.  *See In re Bose Corp.*, 580 F.3d 1240, 1245 (Fed. Cir. 2009) ("Subjective intent to deceive, however difficult it may be to prove, is an indispensable element in the analysis.").  An individual's allegations of fraud in this context are insufficient if the party fails "to plead

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

particular facts sufficient to establish that respondent knowingly made false statements." *Media Online Inc. v. El Clasificado, Inc.*, 88 U.S.P.Q.2d 1285, at \*4 (T.T.A.B. 2008). When drawing an inference of intent, "the involved conduct, viewed in light of all the evidence . . . must indicate sufficient culpability to require a finding of intent to deceive." *Kingsdown Med. Consultants, Ltd. v. Hollister Inc.*, 863 F.2d 867, 876 (Fed. Cir. 1988).

Here, Defendants move to dismiss Plaintiffs' fraud claim. (Mot. at 7-8). Plaintiffs seek cancellation of the registered trademark "THE MEDITERRANEAN FEAST" under the grounds that Defendants Dikran Iskenderian, Steve Iskenderian, Ara Iskenderian and Vartkes Iskenderian knowingly made false and material representations when filing their trademark application with an intent to mislead the USPTO. (Opp'n. at 3). Plaintiffs assert, "[s]pecifically, none of said Defendants Dikran Iskenderian, Steve Iskenderian, Ara Iskenderian, and Vartkes Iskenderian had used or intended to use the mark THE MEDITERRANEAN FEAST in interstate commerce when making their respective filings, but instead had used and they intended that such mark be used only in their restaurants in the Los Angeles area and to sell a 'combination meal consisting of meats, namely, chicken and kebobs with side dishes for consumption on or off the premises' to customers in their restaurants in the Los Angeles area or to customers within said area who order The Mediterranean Feast over the internet." (Compl. ¶ 44). Plaintiffs also contend, "[n]otwithstanding their lack of use of the mark in interstate commerce, said Defendants Dikran Iskenderian, Steve Iskenderian, Ara Iskenderian, and Vartkes Iskenderian declared under penalty of perjury the mark was being used in interstate commerce." (*Id*.).

The Court finds that Plaintiffs' allegations fail on two grounds. First, Plaintiffs' fraud allegations fail to meet the heightened pleading standard under Rule 9(b) because they are based solely on speculative belief and information without specific factual

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

allegations establishing the necessary elements of fraud.  *See Asian and Western Classics B.V. v. Selkow*, 92 U.S.P.Q.2d 1478, at *1 (T.T.A.B. 2009) (quoting *Exergen Corp. v. Wal-Mart Stores Inc*., 91 USPQ2d 1656, 1670 (Fed. Cir. 2009) ("Pleadings of fraud made 'on information and belief,' when there is no allegation of specific facts upon which the belief is reasonably based are insufficient.").  Plaintiffs allege, "Defendants Dikran Iskenderian, Steve Iskenderian, Ara Iskenderian, and Vartkes Iskenderian knew or believed that the representations were false; that Defendants Dikran Iskenderian, Steve Iskenderian, Ara Iskenderian, and Vartkes Iskenderian made the false statements with the intent to induce reliance of the Trademark Examination Attorney upon the misrepresentations in the examination of the trademark application."  (Compl. ¶ 45).  Plaintiffs, however, did not plead specific facts sufficient to establish or plausibly infer "that respondent knowingly made false statements."  *Media Online Inc*., 88 U.S.P.Q.2d at *4.  Instead, Plaintiffs conclusory assert that Defendants knew or believed that the representations were false (Compl. ¶ 66) without providing facts to establish scienter. These bare allegations fall short of the showing required to plead fraud.  In *In re Bose Corp*., 580 F.3d at 1242, fraud was found in the context of a registration renewal application where the relevant company had stopped manufacturing and selling audio tape recorders and players at the time the renewal was filed, but the fraudulent applicant stated otherwise in the application after the board found that the individual knew that the company discontinued these products at the time of the application's filing.  The fraudulent applicant testified that, in his belief, the relevant mark was still used in commerce because in the process of repairs, the product was being transported back to customers.  *Id*. at 1242.  The board found that the applicant's belief was not reasonable and thus that he committed fraud on the PTO to maintain the mark's registration.  *Id*.  In contrast, Plaintiffs' allegations of speculative belief and information, without specific

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

factual allegations establishing the necessary elements of fraud, do not survive the heightened pleading standards of Rule 9(b).

Second, Plaintiffs' fraud allegations are self-defeating. On the one hand, Plaintiffs claim that Defendants fraudulently represented that the mark was used in interstate commerce, and on the other hand, Plaintiffs acknowledge in the Complaint that Defendants used the mark to sell products "in their restaurants in the Los Angeles area and to sell a 'combination meal consisting of meats, namely, chicken and kebobs with side dishes for consumption on or off the premises' to customers in their restaurants in the Los Angeles area or to customers within said area who order The Mediterranean Feast over the *internet*." (Compl. ¶ 44) (emphasis added). Defendants assert that they used the mark over the internet (Reply at 4), which constitutes as an instrumentality of interstate commerce. *See U.S. v. Sutcliffe*, 505 F.3d 944, 952-953 (9th Cir. 2007) (quoting *United States v. Trotter*, 478 F.3d 918, 921 (8th Cir. 2007) ("We are therefore in agreement with the Eighth Circuit's conclusion that as both the means to engage in commerce and the methods by which transactions occur, the internet is an instrumentality and channel of interstate commerce."); *Epson America, Inc. v. Century21 Electronic*s, 2017 WL 8160095, at * 5 (C.D. Cal., Feb. 15, 2017) ("The internet is generally an instrumentality of interstate commerce."); *Shawarma Stackz LLC v. Jwad*, 2021 WL 5827066, at *16 (C.D. Cal. Dec. 8, 2021) ("communications made on public websites are made in interstate commerce."). In *Shawarma Stackz LLC*, the court found that plaintiffs had shown that it is likely to meet the use in commerce element because plaintiffs submitted proof that Defendants used the relevant marks on its public website. 2021 WL 5827066, at *16. At this stage, Defendants have asserted that the mark was used in commerce at the time of the application's filing and Plaintiffs have alleged as much, which undermines Plaintiffs' allegations of fraud.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

In opposition, Plaintiffs merely state that they have satisfied the relevant elements without offering factual allegations to demonstrate that Defendants made false representations and knew the representations were false. (*See generally* Opp'n.). Plaintiffs assert that they have "alleged on information and belief that Defendants made these misrepresentations to the Patent Office with knowledge of their falsity. Until such time as Plaintiffs can do appropriate discovery--but based on their knowledge of the locations of Defendants' restaurants and the nature of Defendants' business--they have reasonably assumed that Defendants did not make any interstate sales." (Opp'n. at 5). Plaintiffs' reasonable assumptions do not satisfy the heightened pleading standards necessary to establish fraud. Moreover, lack of interstate sales does not equate legally to the lack of use in interstate commerce. *See Shawarma Stackz LLC*, 2021 WL 5827066, at *16 (C.D. Cal. Dec. 8, 2021) ("communications made on public websites are made in interstate commerce."); *Sutcliffe*, 505 F.3d at 952-953 (quoting *Trotter*, 478 F.at 921) ("We are therefore in agreement with the Eighth Circuit's conclusion that as both the means to engage in commerce and the methods by which transactions occur, the internet is an instrumentality and channel of interstate commerce."). Accordingly, the Court **GRANTS** Defendants' Motion on this basis.

### b. Genericism

Defendants move to dismiss Plaintiffs' allegations of genericism due to Plaintiffs' failure to provide facts to support the assertion that the general public understands the mark THE MEDITERRANEAN FEAST to be the common descriptive term for "a combination meal consisting of meats, namely, chicken and kebobs with side dishes for consumption on or off the premises." (Mot. at 9). "A 'generic' term is one that refers, or has come to be understood as referring, to the genus of which the particular product or service is a species. It cannot become a trademark under any circumstances."

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

*Surgicenters of Am., Inc. v. Med. Dental Surgeries, Co*., 601 F.2d 1011, 1014 (9th Cir. 1979) (quoting *Abercrombie & Fitch Co. v. Hunting World*, Inc., 537 F.2d 4, 9-10 (2d Cir. 1976)).  "To determine whether a term [is] generic, we look to whether consumers understand the word to refer only to a particular producer's goods or whether the consumer understands the word to refer to the goods themselves."  *Yellow Cab Co. v. Yellow Cab of Elk Grove, Inc*., 419 F.3d 925, 929 (9th Cir. 2005).  A descriptive mark describes the qualities or characteristics of a product.  *KP Permanent Make–Up, Inc. v. Lasting Impression I, Inc*., 408 F.3d 596, 602 (9th Cir.2005).  Generic terms cannot be valid marks subject to trademark protection, whereas a descriptive mark can be valid and protectable if it has acquired "secondary meaning."  *Filipino Yellow Pages, Inc. v. Asian J. Publications, Inc*., 198 F.3d 1143, 1147 (9th Cir. 1999).  "Whether a mark is generic is a question of fact."  *Yellow Cab Co*., 419 F.3d at 929.

Here, Plaintiffs allege, "even if the mark THE MEDITERRANEAN FEAST were used in interstate commerce either before or after the application for registration was filed or the mark was registered, the mark should be cancelled pursuant to 15 U.S.C. § 1064(3) as it generic for a type or category of product."  (Compl. ¶ 46).  At the pleading stage, the Court accepts this factual allegation as true.  Even if the Court were to depart from this standard (it does not), the determination of genericism is a fact-based finding, which makes it unsuitable for dismissal.  Accordingly, the Court **DENIES** Defendants' Motion on this basis.

### 2. *Unfair Competition Claim under the Lanham Act*

Defendants move to dismiss Plaintiffs' Unfair Competition claim for failure to provide sufficient factual assertions.  (Mot. at 12).  The Lanham Act provides that a party "shall be liable in a civil action" if the party "uses in commerce any word, term, name, symbol, or device, or any combination thereof, or any false designation of origin, false or

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES - GENERAL

misleading description of fact, or false or misleading representation of fact" which is likely to cause confusion, mistake, or deceive another "as to the origin, sponsorship, or approval of his or her goods, services, or commercial activities by another person." 15 U.S.C. § 1125. Unlawful conduct, as could support a claim under the UCL, includes any business practice or act forbidden by local, state or federal statutes or by regulations or case law. *Adhav v. Midway Rent A Car, Inc*., 37 Cal. App. 5th 954 (2019). "'Unfair' conduct among competitors means 'conduct that threatens an incipient violation of an antitrust law, or violates the spirit or policy of those laws because its effects are comparable to or the same as a violation of the law, or otherwise significantly threatens or harms competition.'" *S. California Elec. Firm v. S. California Edison Co*., 668 F. Supp. 3d 1000, 1024 (C.D. Cal. 2023) (*quoting Cel-Tech Commc'ns, Inc. v. Los Angeles Cellular Tel. Co*., 20 Cal. 4th 163, 187 (1999)).

In deciding whether the conduct of defendants alleged in the complaint is actionable, the courts have stated that it is "necessary to apply certain well-settled rules relating to competition in business." *Katz v. Kapper*, 7 Cal. App. 2d 1, 4 (1935). "These may be generally stated as follows: competition in business, though carried to the extent of ruining a rival, is not ordinarily actionable, but every trader is left to conduct his business in his own way, so long as the methods he employs do not involve wrongful conduct such as fraud, misrepresentation, intimidation, coercion, obstruction, or molestation of the rival or his servants or workmen, or the procurement of the violation of contractual relations. If disturbance or loss comes as the result of competition, or the exercise of like rights by others, as where a merchant undersells or oversells his neighbor, it is *damnum absque injuria*."[1]  *Id*.

---

[1] *Damnum absque injuria* is a legal principle meaning "damage without legal injury."

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES - GENERAL

Here, Plaintiffs allege that the relevant conduct that encouraged unfair competition was "Defendants' denial of and interference with Plaintiffs' access to social media platforms to promote the Zankou Chicken brand and failure to include Plaintiffs' store locations on the mobile application and corporate website were intended to characterize Plaintiff's restaurant operator as not authentic Zankou Chicken restaurants but rather restaurant operations which are separate and inferior, or franchised locations, not legitimately operating under the ZANKOU CHICKEN service mark." (Compl. ¶ 83). Defendants also allegedly actively registered the ZANKOU CHICKEN trademark on nearly all social media platforms to block the Plaintiffs from being able to register their restaurant operations using the ZANKOU CHICKEN trademark on these websites. (*Id*. ¶ 33). A business' lawful conduct intended to attract more customers is not conduct that threatens an incipient violation of an antitrust law or violates the spirit or policy of those laws because its effects are comparable to or the same as a violation of the law, or otherwise significantly threatens or harms competition. *S. California Elec.* Firm, 668 F. Supp. 3d at 1024. Moreover, Plaintiffs have alleged that Defendants' registration of ZANKOU CHICKEN trademark blocked Plaintiffs' access to social media, but the Court does not find this conduct to be forbidden by local, state or federal statutes or by regulations or case law. *Adhav,* 37 Cal. App. 5th at 969. Plaintiffs also fail to cite persuasive authority to support this assertion. Additionally, Plaintiffs' assertion that Defendants failed to include Plaintiffs' store locations on the mobile application and corporate website (a decision most competitors would presumably take) fails to state an actionable claim. Even if undertaken to divert customers, such conduct is not actionable absent a showing of wrongful means, such as fraud, misrepresentation or intimidation. *King v. Pac. Vitamin Corp.*, 256 Cal. App. 2d 841, 850.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

Moreover, Defendants' puffery statements[2] regarding their services are also not actionable. Plaintiffs assert, "[b]y stating on their zankouchicken.com website that only the restaurants that the Defendants' managed restaurants 'offer the unique experience you have come to love and expect for over 60 years,' Defendants implied that Plaintiffs' restaurants do not do so, which constitutes an unfair business act." (*Id*. ¶ 85). Plaintiffs essentially contend that Defendants' alleged statements regarding the unique services they offer imply that Plaintiffs' restaurants do not offer a unique experience that customers appreciate. (*Id*.). Assuming this was an accurate interpretation of Defendants' alleged statements, such statements would not be actionable as it is lawful for a business to make subjective statements regarding the perceived superiority of their goods and services. *See Oracle*, 123 F.4th at 1001 ("Comparative assertions about effectiveness, riskiness, and security are the kinds of generalized statements of products superiority that we have routinely found to be nonactionable."); *Cook, Perkiss & Liehe, Inc. v. N. California Collection Serv. Inc*., 911 F.2d 242, 246 (9th Cir. 1990) (holding that advertisements asserting that defendants lamps were "far brighter than any lamp ever before offered for home movies" was nonactionable). The Court finds that Plaintiffs have not established an actionable claim under the UCL. Plaintiffs fail to cite persuasive authority to justify a departure from this conclusion. Accordingly, the Court **GRANTS** Defendants' Motion under this basis.

     *3. Unfair Competition Claim under California's Unfair Competition Law*

Defendants also move to dismiss due to Plaintiffs' failure to sufficiently allege its UCL claim under California law. (Mot. at 15). To bring a UCL claim, a plaintiff must

---

[2] The Court finds Defendants statements to be puffery as Defendants' statements regarding their services are subjective claims. *See Oracle Int'l Corp. v. Rimini St., Inc*., 123 F.4th 986, 1001 (9th Cir. 2024) ("In contrast, puffery is characterized by subjective claims, including merely stat[ing] in general terms that one product is superior.").

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

show either an (i) "unlawful, unfair, or fraudulent business act or practice," or (ii) "unfair, deceptive, untrue or misleading advertising." *Adhav*, 37 Cal. App. 5th at 970 (citing *Lippitt v. Raymond James Fin. Servs., Inc.*, 340 F.3d 1033 (9th Cir. 2003); Cal. Bus. & Prof.Code § 17200. "Because section 17200 is written in the disjunctive, a business act or practice need only meet one of the three criteria—unlawful, unfair, or fraudulent—to be considered unfair competition under the UCL." *Daro v. Superior Ct.*, 151 Cal. App. 4th 1079, 1093 (July 3, 2007). In other words, a practice is prohibited even if not unlawful. *Id.* An unfair business practice under the UCL is "one that either offends an established public policy or is immoral, unethical, oppressive, unscrupulous, or substantially injurious to consumers." *McDonald v. Coldwell Banker*, 543 F.3d 498, 506 (9th Cir. 2008). Whereas a deceptive business practice under the UCL is one that is likely to mislead a reasonable consumer. *Williams v. Gerber Prods. Co.*, 552 F.3d 934, 938 (9th Cir. 2008). California has long recognized that business disturbance or loss that is the result of competition "or the exercise of like rights by others, as where a merchant undersells or oversells" another business in the market is not unfair competition and is not actionable. *Scudder Food Products v. Ginsberg*, 21 Cal.2d 596, 599 (1943); *see King*, 256 Cal.App.2d at 850 ("The findings that the defendants acted without malice and in good faith acquit them of having an intent to destroy or injure plaintiff's business. The fact that they intended to take away some of plaintiff's business did not prove their actions to be wrongful. There is virtue in fair competition in business even though a competitor is hurt.").

Here, as previously stated, even if undertaken to divert customers, Defendants' conduct is not actionable absent a showing of wrongful means, such as fraud, misrepresentation or intimidation. *King*, 256 Cal. App. 2d at 850. Defendants' decision not to include Plaintiffs' competing business on Defendants' website and mobile

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

application is not unfair, deceptive or unlawful.  In opposition, Plaintiffs assert their "lost or unrealized patronage and resulting damages from Defendants' conduct" as the basis that the Court should employ to find that Defendants employed unfair and deceptive tactics, even if the Court disagrees that Defendants' conduct was unlawful.  (Opp'n. at 15).  These allegations are insufficient to demonstrate that Defendants' conduct is unfair and offends an established public policy (*McDonald*, 543 F.3d at 506) or is deceptive and is likely to mislead a reasonable consumer (*Williams,* 552 F.3d at 938).  The Court **GRANTS** Defendants' Motion as to this basis.

### 4.  *Constructive Trust*

Finally, Defendants move to dismiss Plaintiffs' allegations that they are entitled to a constructive trust.  (Mot. at 16).  "A constructive trust is an equitable remedy that compels the transfer of wrongfully held property to its rightful owner."  *Mattel, Inc. v. MGA Entertainment, Inc.*, 616 F.3d 904, 908-09 (9th Cir. 2010).  A party seeking the imposition of a constructive trust must show:  (i) the existence of a property interest; (ii) that plaintiff owns the property interests; and (iii) the "wrongful acquisition or detention of the [property] by another party who is not entitled to it."  *Id*.  A fundamental and necessary element of a constructive trust is that plaintiff must establish that the defendant wrongfully acquired property that plaintiff was exclusively entitled to as its rightful owner.  *Id*.  A constructive trust "may be imposed in practically any case where there has been a wrongful acquisition or detention of property to which another is entitled, but the party attempting to establish the constructive trust must establish the claim by clear and convincing evidence."  *Optional Capital, Inc. v. DAS Corp*., 222 Cal.App.4th 1388, 1402 (2014).

Here, Plaintiffs assert that Defendants' acquisition of income and profits was achieved by Defendants' unlawful conduct and monopolization of the digital assets for

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

using the jointly-owned trademark from which a portion of Defendants' restaurant income has been derived.  (Compl. ¶ 97-98).  As previously stated, the Court does not find Defendants' social media activities and advertising to constitute wrongful conduct. Thus, it follows that the Court does not find that Defendants wrongfully acquired or detained property that Plaintiffs are entitled to as the rightful owners.  The Court **GRANTS** Defendants' Motion as to this basis.

### III.    CONCLUSION

For the foregoing reasons, the Court **GRANTS** the Motion without prejudice and with leave to amend as it pertains to Plaintiffs' claims of fraud, UCL violations under the Lanham Act, UCL violations under California law and constructive trust.  The Court **DENIES** the Motion as it pertains to Plaintiffs' allegations of genericism.

Plaintiffs are instructed to file any Third Amended Complaint in conformance with this Order within 21 days.


**IT IS SO ORDERED.**